**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Eric Shaw Gibson,<br>Petitioner<br>-vs-<br>Charles L. Ryan, et al.,<br>Respondents. | CV-17-3773-PHX-SPL (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I.  MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 12, 2017 (Doc. 1).  On February 20, 2018 Respondents filed their Response (Doc. 16).  Petitioner filed a Reply on March 23, 2018 (Doc. 28).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  FACTUAL BACKGROUND

Petitioner's "convictions stem from two robberies Defendant committed in Tempe on January 8, 2010, and January 14, 2010, of, respectively, an Arizona Federal Credit Union, and a Bank of America."  (Exhibit U, Mem. Dec. 2/5/13.)  (Exhibits to the Answer, Docs. 16-25 and 27, are referenced herein as "Exhibit ___.")

/ /

/ /

1

## B.  PROCEEDINGS AT TRIAL

**Waiver of Probable Cause** - A Direct Complaint (Exhibit A) was filed charging Petitioner in two counts of robbery.  Subsequently, an Information (Exhibit E) on the same charges was filed.  In responding to Petitioner's Motion to Dismiss for Lack of Jurisdiction, the prosecution recounted:

> The defendant's three pending cases were all [designated] as fast track cases.  A status conference was held on 02/05/10, before Commissioner Cunanan. The defendant and his attorney, Ian Fischer, were present at the hearing.  The State proffered a fast track plea agreement to the defendant, and the defendant signed a Waiver of the Probable Cause Hearing.  The Court advised the defendant that the arraignment would be deferred "for approximately 28 days."  Commissioner Cunanan then set the "arraignment or change of plea" on 03/15/10, before Judge Duncan.
>
> The parties next participated in a settlement conference before Commissioner Lynch on 03/08/10.  Deputy County Attorney Susan Luder handled the case at that time and she noted that the defendant was argumentative at the settlement conference. Ms. Luder told the defendant and his counsel that if he rejected the plea agreement at the Not Guilty Arraignment that no further offers would be made.
>
> Judge Duncan, sua sponte, vacated the Fast Track-Not Guilty Arraignment set for 03/15/10, and reset it to 03/19/10.
>
> The Not Guilty Arraignment was held as re-scheduled on 03/19/10, before Judge Duncan, who Duncan gave the Defendant a Donald Advisement.  Deputy County Attorney Jefferson Simmons noted that the defendant rejected the plea offer.

(Exhibit K, Response to MTD at 1-2.)

The Waiver of Probable Cause Hearing, included the following provisions regarding the preliminary hearing:

> C.      The State has extended a plea offer in my case. In order to allow the plea offer to remain open up to and including the date of Arraignment, I agree to waive my right to a Preliminary Hearing and agree to schedule this matter for an Arraignment in approximately 28 days, subject to the limitations set forth in subsection D.
>
> D.      I further understand and agree that the plea agreement the State has extended can be revoked at any time prior to its entry and acceptance by the court. I further understand that if such plea offer is revoked, unless I consent to changes by the State regarding the plea offer, that my waiver of a Preliminary Hearing is revoked, and the State has up to 5 court days to obtain a probable cause determination unless the court allows additional time. If no probable cause determination occurs by the date set by the court, the case shall be dismissed without prejudice.

(Exhibit D, Waiver at 1.)

**Waiver of Counsel** - Plaintiff moved to waive his right to counsel, which was granted on June 15, 2010.  (*See* Exhibit QQ, R.T. 6/15/10.)   The Arizona Court of Appeals summarized:

> Before trial, Defendant filed a Motion to Change Counsel in which he asked that his two appointed attorneys withdraw and that he be allowed to represent himself.  The trial court held a hearing during which it reviewed Defendant's request and its consequences with Defendant and his two trial attorneys. The court then obtained a signed waiver form from Defendant.  Based on the totality of the circumstances, the trial court then found that Defendant "knowingly, intelligently and voluntarily" waived his right to representation by an attorney and granted his request to represent himself at trial with the assistance of advisory counsel.

(Exhibit U, Mem. Dec. at 2-3.)  The court elaborated on the hearing:

> At the outset of the hearing, the trial court cautioned Defendant that an attorney would be of "great value and assistance in a criminal case." When it became apparent that Defendant's desire to represent himself was the result of disagreements with his attorneys over trial tactics, the trial court specifically warned Defendant that their differences of opinion "may well have to do with the fact that they are trained in the law and are experienced in the law and they know what will work and what will not work." Defendant stated, "I have taken that into consideration, but this is . . . what I'm requesting."

(*Id.* at 4-5.)

**Motion to Suppress** – "Before trial, Defendant moved to suppress his cell phone records and the evidence derived from those records based on the fact that he had not given Tempe Police permission to take his cell phone and obtain the security code to 'try and search through it.'"  (Exhibit U, Mem. Dec. at 6-7.)  "The cell phone records established that,  on the night of the Arizona Federal Credit Union robbery, cell phone towers showed Defendant's cell phone activated in the vicinity of the credit union shortly after the robbery.  The phone also contained incriminating text messages." (*Id.* at 6, n. 4.)

The Arizona Court of Appeals summarized the facts surrounding the seizure of the cell phone:

> The testimony established that Defendant's cell phone was placed into Maricopa County Jail property after Defendant was

3

arrested on an unrelated offense and that Detective Crites retrieved the cell phone within 48 hours of Defendant's arrest, while it was still in the possession of the jail authorities. The testimony fur the le established that bank surveillance video showed Defendant with an orange-colored cell phone that appeared similar to the one in jail property.

Information pertaining to the cell phone, its subscriber records and its content came in three stages. First, Detective Crites removed the rear cover and battery from the phone, and observed the IMEI number printed on a sticker on the inside back of the phone. Second, Detective Crites used that number to obtain a court order permitting disclosure of subscriber information. Finally, he obtained a search warrant for the contents of the phone using independently obtained evidence as the basis for the warrant.

(*Id.*at 7-8.)  The motion was denied. (*Id.* at 7.)

**Motion to Sever** – "Before trial Defendant moved to sever the two counts of robbery for trial, arguing that 'the two robberies occurred on two separate days,' and if he were tried for both at the same time, he would not 'get a fair trial.'"  (Exhibit U, Mem. Dec. at 9.)   The motion was denied as insufficient, and was then reurged by Petitioner and again denied on the basis that joinder was appropriate under Arizona Rule of Criminal Procedure 13.3(a)(1), and the evidence of each was admissible in the trial of the other under Arizona Rule of Evidence 404(b).

**Trial** - Petitioner proceeded to trial *pro se* and was convicted on each of the charges, and the jury made findings of aggravating circumstances with regard to each, including being on parole at the time of the offenses.  (Exhibits G, H, I and J, Verdicts.)

**Probable Cause Motion and Special Action** - After trial, but before sentencing, Petitioner filed a Motion to Dismiss for Lack of Jurisdiction, arguing that his waiver of a probable cause determination was terminated (or revoked).  The court denied the motion. (Exhibit DDD, R.T. 3/4/11 at 18.)

Petitioner the filed with the Arizona Court of Appeals a Petition for Special Action (Exhibit HHH), arguing error on the denial of a probable cause hearing.   On April 22, 2011, the Arizona Court of Appeals declined jurisdiction.  (Petition, Doc. 1 at Exhibits, Order 4/22/11.)

**Sentencing** - On June 21, 2011, Petitioner was sentenced to concurrent sentences of 11 years on each of the offenses.  (Exhibit L, Sentence.)

## C.  PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a Notice of Appeal (Exhibit M), and filed through appointed counsel an Opening Brief (Exhibit R), arguing: (1) the trial court erred in allowing Petitioner to waive counsel without advising him that he was thereby waiving his constitutional right to effective counsel; (2) constitutional violations through the warrantless seizure of Petitioner's cell phone; and (3) the trial court erred in denying the motion to sever trial of the two counts.

On February 5, 2013, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences.  The court concluded:  "Nothing in the colloquy in any way could be interpreted to have misled Defendant into believing that he would have a right to relief from a conviction if his own self-representation proved ineffective…The trial court was not required specifically to advise Defendant that he was waiving the right to the effective assistance of counsel."  (Exhibit U, Mem. Dec. at 6.)

The court concluded that the "visual examination of the telephone to obtain the IMEI number was not an impermissible search," and "the remaining information was obtained pursuant to valid court orders."  (*Id.* at 8.)

The court concluded that the reversal based on the failure to sever was not warranted because Petitioner had not renewed his motion at trial as required by Arizona Rule of Criminal Procedure 13.4(c), and thus was waived.  The court also concluded that Petitioner had not requested fundamental error review nor shown prejudice to avoid the waiver.  (*Id.* at 10-11.)

Petitioner did not seek further review.  (Exhibit U, Mandate; Petition, Doc. 1 at 3.)

## D.  PROCEEDINGS ON POST-CONVICTION RELIEF
### 1.  First PCR Proceeding

On November 7, 2011, during the pendency of his direct appeal, Petitioner commenced his first post conviction relief proceeding by filing a Notice of Post-

Conviction Relief (Exhibit N).  Counsel was appointed (Exhibit O, Order 11/14/11), who filed a Motion to Stay (Exhibit P) seeking to stay the proceeding pending completion of direct appeal.  The motion was denied as unauthorized, and the proceeding was dismissed with leave to refile after completion of direct appeal.  (Exhibit Q, Order 2/7/12.)

Petitioner did not seek further review.  Petitioner alleges in his Petition that he sought review by both the Arizona Court of Appeals and the Arizona Supreme Court in his first and second PCR proceeding.  (Petition, Doc. 1 at 5.)  However, the proceedings he references are not this first PCR proceeding, but his second PCR proceeding filed with the trial court on March 11, 2013 and denied by the Arizona Court of Appeals on December 6, 2016.  (*Id.* at 4.)

### 2.  Second PCR Proceeding

After denial of his direct appeal, Petitioner commenced his second PCR proceeding by filing on March 11, 2013 a second Notice of Post-Conviction Relief (Exhibit V).  Counsel was again appointed (Exhibit W, Order 3/18/13), but counsel eventually filed a Notice (Exhibit X) evidencing an inability to find an issue for review.  The court granted Petitioner leave to file a pro per petition, and counsel was ordered to remain in an advisory capacity.  (Exhibit Y, Order 10/21/13.)

After the denial of motions for new counsel, continuances, to exceed page limits, etc. (*see* Exhibit Z, M.E. 11/15/13; Exhibit AA, Motion to Exceed; Exhibit BB, M.E. 12/23/13), on February 26, 2014, the court dismissed the proceeding based on Petitioner's failure to file his petition (Exhibit CC, M.E. 2/26/14.) Petitioner sought reconsideration (Exhibit DD), which was granted.  (Exhibit EE, M.E. 5/5/14.)

In the meantime, Petitioner had sought review of the dismissal by the Arizona Court of Appeals.  That court dismissed the petition as moot, based on the PCR court's vacating of the dismissal and reinstatement of the proceeding.  (Petition, Doc. 1, Exhibits, Corrected Order of Dismissal 2/29/16.)

On May 23, 2014, Petitioner filed his "Supplemental Petition" (Exhibit FF) arguing that his "trial, appellate, and post-conviction counsel were all ineffective by: (1) failing to raise the issue that he never received a determination of probable cause; and (2) failing to raise the issue that the photo line-up shown to witnesses was unduly suggestive." (Exhibit GG, Response at 7-8.)

The PCR court summarily denied the Petition for failing to raise a colorable claim for relief. (Exhibit II, Order 10/14/14.)

Petitioner then filed a Petition for Review (Exhibit JJ) arguing error in denying his claims of ineffective assistance without an evidentiary hearing, and, according to the state, asserting new claims under Arizona Rule of Criminal Procedure 32.1(b) and (h). (*See* Exhibit LL, Amended Response.) Included in Petitioner's Petition was the assertion that the state had breached the terms of their agreement in the Waiver. (Exhibit JJ, Pet.Rev. at 7.)

On December 6, 2016, the Arizona Court of Appeals granted review but denied relief, explicitly adopting the trial court's reasoning on Petitioner's "claims of ineffective assistance of trial and appellate counsel." (Exhibit NN, Mem. Dec. 12/6/16 at 2, ¶ 3.)

Petitioner did not seek further review. (Exhibit NN, Mandate 1/26/17.) Petitioner alleges in his Petition that he sought review of his second PCR proceedings by the Arizona Supreme Court. (Doc. 1 at 5.) However, Petitioner provides no evidence of seeking such review. The Mandate (Exhibit NN) refutes this contention.

## E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 12, 2017 (Doc. 1). Petitioner's Petition asserts the following three grounds for relief:  "In Grounds One and Two, Petitioner alleges claims for the ineffective assistance of trial and appellate counsel. In Ground Three, Petitioner alleges that he was denied a preliminary hearing or indictment, i..e., a determination of probable cause." (Order 1/11/18, Doc. 12 at 2.)

7

**Response** - On February 20, 2018 Respondents filed their Answer (Docs. 16-25, 27).  Respondents concede that Petitioner has exhausted his state remedies on his claims, the claims of ineffective assistance are without merit under the limitations of 28 U.S.C. § 2254, and that Ground Three is a state law claim not cognizable on habeas review, and is without merit.

**Reply** - On March 23, 2018, Petitioner filed a Reply (Doc. 28).  Petitioner argues the merits of his grounds for relief.

### III.  APPLICATION OF LAW TO FACTS
**A.  STANDARD OF REVIEW**

Respondents argue that Petitioner fails to show he is entitled to relief under 28 U.S.C. § 2254.

While the purpose of a federal habeas proceeding is to search for violations of federal law, in the context of a prisoner "in custody pursuant to the judgment a State court," 28 U.S.C. § 2254(d) and (e), not every error justifies relief.  Rather, statutes limiting habeas review "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011).

**Errors of Law** - "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." *Woodford v. Visciotti*, 537 U. S. 19, 24– 25 (2002) (per curiam).  To justify habeas relief, a state court's decision must be "contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" before relief may be granted.  28 U.S.C. §2254(d)(1).

The Supreme Court has instructed that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [its] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (internal quotation marks omitted).

To show an unreasonable application, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

**Errors of Fact and Evidentiary Hearings** -   Federal courts are further authorized to grant habeas relief in cases where the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   "Or, to put it conversely, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."   *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).   "Moreover, implicit findings of fact are entitled to deference under § 2254(d) to the same extent as explicit findings of fact."   *Blankenship v. Hall*, 542 F.3d 1253, 1272 (11th Cir. 2008). *See also Watkins v. Rubenstein*, 802 F.3d 637, 649 (4th Cir. 2015).

Moreover, a state prisoner is not free to attempt to retry his claims in the federal courts by presenting new evidence. "[W]hen we are reviewing state-court decisions under AEDPA…petitioners may introduce new evidence in federal court only for claims that we review de novo." *Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014).

Even where the habeas court is reviewing a claim *de novo*, there is a well-established presumption of correctness of state court findings of fact.  This presumption has been codified at 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has the burden of proof to rebut the presumption by "clear and convincing evidence." This presumption of correctness applies not only to the explicit factual fndings by the state court, but to the implicit factual findings as well. *See Tinsley v. Borg*, 895 F.2d 520, 525 (9th Cir.1990) (implicit factual findings are entitled to a presumption of

correctness in appropriate circumstances); *see also Taylor v. Horn*, 504 F.3d 416, 433 (3d Cir.2007) ("Implicit factual findings are presumed correct under § 2254(e)(1) to the same extent as express factual findings.").

Further, when a claim is reviewed de novo, the petitioner may not obtain an evidentiary hearing if he has "failed to develop" the record in the state courts, unless he meets certain stringent showings related to justification for the delay in developing the record, 28 U.S.C. § 2254(e)(2)(A), and that the new evidence will show a lack of evidence to convict, 28 U.S.C. § 2254(e)(2)(B).

Finally, even where permitted an evidentiary hearing the petitioner "must meet one of the *Townsend* [*v. Sain*, 372 U.S. 293 (1963)] factors and make colorable allegations that, if proved at an evidentiary hearing, would entitle him to habeas relief." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2004).

**Applicable Decisions** – In evaluating state court decisions, the federal habeas court looks through summary opinions to the last reasoned decision. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

**No Decision on the Merits** – The limitations of 28 U.S.C. § 2254(d) only apply where a claim has been "adjudicated on the merits in State court." Thus, where a petitioner has raised a federal claim to the state courts, but they have not addressed it on its merits, then the federal habeas court must address the claim *de novo*, and the restrictive standards of review in § 2254(d) do not apply. *Johnson v. Williams*, 133 S.Ct. 1088, 1091-92 (2013). *See id.* (adopting a rebuttable presumption that a federal claim rejected by a state court without being expressly addressed was adjudicated on the merits).

## B.  GROUND 3: PROBABLE CAUSE DETERMINATION

Because Grounds 1 and 2 are, to some extent, derivative of Ground 3, the undersigned addresses Ground 3 at the outset.

//

### 1.  Parties Arguments

In Ground 3, Petitioner argues that he never received a preliminary hearing or other finding of probable cause, and that his waiver of a probable cause hearing was ineffective because the plea offer expired and was revoked.  (Petition, Doc. 1 at 8.) Petitioner does not state the legal basis for his claim, and does not identify any federal constitutional provision or federal statute as the basis of his claim.

Respondents argue that Ground 3 fails to state a federal claim, that the lack of a federal right to a grand-jury indictment or preliminary hearing is fatal to any federal claim, and that any state law claim is not cognizable on habeas review.   (Answer, Doc. 16 at 18-19.)  Respondents further argue that Ground 3 is without merit because: (1) the state court reasonable found he validly waived any right to a probable cause determination; and (2) because he was convicted of the petit jury at trial, Petitioner cannot show prejudice. (*Id.* at 19.)

Petitioner replies that a probable cause determination is not only guaranteed by state law, but by the Due Process Clause of the U.S Constitution, and was an obligation of the prosecution under the terms of the contractual waiver.  (Reply, Doc. 28 at 5, *et seq.*)

### 2.  State Court Decision

Here, the last reasoned decision on Petitioner's claims regarding the probable cause determination was that of the PCR court in the second PCR proceeding.  The PCR court made the following findings:

> The court finds the defendant waived his right to a probable cause determination by executing the form captioned Waiver of Probable Cause Hearing, Continuance and Order dated February 5, 2010. Defendant subsequently rejected the plea offer extended by the State.   The State did not revoke the plea offer prior to the defendant's rejection of that plea offer.  Thus, the defendant was not entitled to a probable cause hearing under the terms of the written waiver.

(Exhibit II, Order 10/14/14 at 3.)  The Arizona Court of Appeals adopted this analysis by reference.  (Exhibit NN, Mem. Dec. 12/6/16.)

11

### 3. Failure to State Claim

Petitioner's Petition fails to state any federal basis for his claim.  In his Reply, Petitioner clarifies that he relies upon the Due Process Clause of the U.S. Constitution. Because Respondents have adequately refuted such a claim, the undersigned proceeds to address its merits.

### 4. State Law Claim Not Cognizable

Petitioner references his rights to a preliminary hearing under provisions of the Arizona Constitution and laws.  "But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). And we have repeatedly held that ' 'federal habeas corpus relief does not lie for errors of state law.' ' "  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Further, violations of state law, without more, do not deprive a petitioner of due process.  *Cooks v. Spalding*, 660 F.2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S. 1026 (1982).  To qualify for federal habeas relief, an error of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984). To sustain such a due process claim founded on state law error, Petitioner must show that the state court "error" was "so arbitrary and fundamentally unfair that it violated federal due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) (quoting *Reiger v. Christensen*, 789 F.2d 1425, 1430 (9th Cir.1986)).  To receive review of what otherwise amounts to nothing more than an error of state law, a petitioner must argue "not that it is wrong, but that it is so wrong, so surprising, that the error violates principles of due process"; that a state court's decision was "such a gross abuse of discretion" that it was unconstitutional.  *Brooks v. Zimmerman*, 712 F.Supp. 496, 498

(W.D.Pa.1989).

Petitioner proffers nothing to suggest that any denial of a preliminary hearing amounted to such an egregious violation. Rather, as discussed hereinafter, the refusal of a preliminary hearing was at least arguably justified under the facts and state law.

**5. No Due Process Right to Probable Cause Determination**

Contrary to Petitioner's arguments in his Reply, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not mandate a probable cause determination prior to the institution of a state prosecution.

The Supreme Court has long held that Due Process under the 5th and 14th Amendments do not mandate a grand jury in state prosecutions. "[I]n the sense of the constitution, 'due process of law' was not meant or intended to include, *ex vi termini*, the institution and procedure of a grand jury in any case. The conclusion is equally irresistible, that when the same phrase was employed in the fourteenth amendment to restrain the action of the states, it was used in the same sense and with no greater extent; and that if in the adoption of that amendment it had been part of its purpose to perpetuate the institution of the grand jury in all the states, it would have embodied, as did the fifth amendment, express declarations to that effect." *Hurtado v. People of State of Cal.*, 110 U.S. 516, 534 (1884). "Indictment by grand jury is not part of the due process guarantees of the Fourteenth Amendment that apply to state criminal defendants." *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993).

Nor does Due Process mandate any preliminary determination of probable cause to sustain a prosecution. "The Federal Constitution does not secure to a state court defendant a right to a preliminary hearing." *Ramirez v. State of Ariz.*, 437 F.2d 119, 119 (9th Cir. 1971), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988). "A defendant in a state court is not entitled to a preliminary examination by virtue of a federal constitutional right." *Pearce v. Cox*, 354 F.2d 884, 891 (10th Cir. 1965).

/ /

13

**6.  No Relief for Fourth Amendment Violation**

It is true that a finding of probable cause is required to maintain detention of the accused under the Fourth Amendment.  *Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010).  "[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."  *Gerstein v. Pugh*, 420 U.S. 103 (1975).  But that finding need not be made in the context of a preliminary hearing.  *Peterson*, 604 F.3d at 1169.  Indeed, the "full panoply of adversary safeguards—counsel, confrontation, cross-examination, and compulsory process for witnesses," normally required by states in their preliminary hearings, "are not essential for the probable cause determination required by the Fourth Amendment."  *Gerstein*, 420 U.S. at 119-120.   Moreover, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."  *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

Thus, any denial of a probable cause determination in the state court, whether to maintain the prosecution or to justify detention pending trial, would not of itself justify habeas relief.

**7.  No Breach of Contract**

Petitioner argues that the enforcement of his waiver of a probable cause determination was a violation of his agreement with the prosecution.

Ordinarily  a due process right to enforcement of the prosecutions' agreements is recognized in the context of a plea or immunity agreement, *see e.g. Santobello v. New York*, 404 U.S. 257, 262 (1971) (breach of plea agreement); Robinson, *Equitable Immunity*, 2 Crim. L. Def. § 204.50  ("The concept of equitable immunity posits that if a promise of immunity induces a defendant to co-operate with the government to her detriment, then due process requires that the prosecutor keep the promise.").  Nonetheless, the undersigned presumes, *arguendo*, that a breach of any agreement by the

14

prosecution with a defendant would amount to a violation of due process.

But here, the state court made a determination that the agreement was not breached because Petitioner's waiver only terminated if the prosecution "revoked" its plea offer prior to Petitioner's rejection of it, and that Petitioner rejected the plea offer. (Exhibit II, M.E. 10/14/14 at 3.)

Petitioner fails to show that these determinations were unreasonable. Indeed, he alleges "At this time the states' prosecutor Susan Luder offered a Plea offer wich [sic] Mr. Gibson declined and asserted his right to go to trial." (Petition, Doc. 1 at 6.)

The agreement between the parties provided that the right to a preliminary hearing was waived. (Exhibit D, Waiver at ¶ C.) The only provision made for reinstating the right to a preliminary hearing was "if such plea offer is revoked." (*Id.* at ¶ D.) Petitioner fails to show that the plea offer was revoked. Instead, the record is clear that Petitioner rejected the plea offer.

> THE COURT: All right. Is this going to be just an arraignment? Are there pleas? What's the status?
> MR. WHITNEY: There are three plea offers on the table for each of the -- one for each of the three cases, obviously. We had a settlement conference about a week and a half ago. So that's been fully discussed. Mr. Gibson does not wish to accept the plea offers, and so I think it's just an arraignment at this point.
>
> * * *
>
> THE COURT: When does the plea expire?
> MR. WHITNEY: Our understanding is it expires today, because it's, quote-unquote, a fast track case.
>
> * * *
>
> THE COURT: Okay. Is it your desire or do you want to not take the pleas?
> THE DEFENDANT: No, I don't want to take the pleas.
> THE COURT: Okay. All right. And do you understand that after today the plea offer goes away.
> THE DEFENDANT: They're finished.
> THE COURT: Okay. And they don't ever have to come back and they don't have to be as good. Is that part clear?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Okay. All right. Let me go forward with the arraignment.

(Exhibit PP, Transcript 3/19/10 at 3, 11, 19.)

15

Petitioner counters by pointing to: (a) the expiration clause of the plea offer which provided "THIS OFFER EXPIRES AND IS REVOKED IF NOT ENTERED IN COURT BY MARCH 15, 2010," (Reply, Exhibit R-B, Plea Agreement); and (b) to the hearing on his motion to waive counsel, where the following occurred:

> THE COURT: Okay. Go ahead, Mr. Gibson. Did you have something else?
> THE DEFENDANT: I had a couple of questions. I just wanted to know -- I want to ask you a question. If a plea expires or is taken off the table, is that considered it being revoked?
> THE [COURT]: Yes.
> THE [DEFENDANT]: That's all I wanted to know.
> THE COURT: It does.
> THE DEFENDANT: That's all I wanted to know. That's all I need to know.
> THE COURT: And whether or not a plea offer is made to you is ultimately up to the County Attorney's Office.
> THE DEFENDANT: Oh, all right.
> THE COURT: And because a plea offer expires doesn't mean that the County Attorney can't give you another plea. They certainly can. But that's ultimately up to them.
> THE DEFENDANT: I just wanted to get that specific meaning out of the way because I would like after we're done here, I want to ask the -- for a hearing to be set up like January -- June 30th or the 1st. I believe my due process rights were violated, so I want to --
> THE COURT: Well - -
> THE DEFENDANT: I want - -
> THE COURT: Well, here -- right now we're talking about whether
> THE DEFENDANT: I know.
> THE COURT:  - - you want to waive counsel or not….

(Exhibit QQ, R.T. 6/15/10 at 12-13.)  At most, the trial court, unaware of Petitioner's soon to be filed motion to dismiss, and thus unaware of the import of Petitioner's choice of words in asking about revocation, misspoke.

Plea agreements are contractual by nature and are measured by contract law standards. *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001). *See also Coy v. Fields*, 200 Ariz. 442, 445, ¶ 9, 27 P.3d 799, 802 (App. 2001) ("Plea agreements are contractual in nature and subject to contract interpretation."). And, it is hornbook law that revocation of an offer is distinct from expiration of an offer.

> …offers…may be revoked by the offeror at any time prior to the creation of a contract by acceptance. Therefore, even though the offeror specifies in the offer a definite time within which acceptance

may be made, the offeror may, nevertheless, revoke the offer within that time period.

*Revocation of offers*, 1 Williston on Contracts § 5:8 (4th ed.).  Expiration happens by the mere passage of time.

Just as the offeror is at liberty to make no offer at all, it is also at liberty to dictate whatever terms it sees fit if it chooses to make an offer. Among these requirements may be acceptance within a specified time, and if no acceptance is made within that time, the power of acceptance necessarily expires

*Lapse by expiration of time stated in offer*, 1 Williston on Contracts § 5:5 (4th ed.).  *See also Lapse of Time,* Restatement (Second) of Contracts § 41 (1981).  In contrast, revocation requires affirmative action.  "It is universally settled that a revocation requires communication."  *Revocation of offers—Revocation not effective until communicated*, 1 Williston on Contracts § 5:9 (4th ed.).

Moreover, revocation of an offer is distinct from its termination by rejection.

When an offer has been rejected, it ceases to exist, and a subsequent attempted acceptance is inoperative, even though the acceptance is made within a time which would have been sufficiently early had there been no rejection.

*Rejection by offeree*, 1 Williston on Contracts § 5:3 (4th ed.).

The trial court's after-the-fact dicta on the effect of expiration as a revocation did not alter the substance of the parties' agreement, which plainly required a revocation, not mere expiration, of the plea offer.

More importantly, even if expiration were the equivalent of a revocation, it would not alter the effect of Petitioner's plain rejection of the plea offer.  The revocation clause in the plea offer became moot (and thus never operative) when Petitioner rejected the offer.  Thus, Petitioner is simply wrong when he argues "that Mr. Gibson expressly rejected the plea offer at his arraignment, which is true, but has absolutely nothing to do with the state revoking their plea [offer]."  Perhaps, had Petitioner not rejected the offer, he might be able to rely upon the surplusage that upon expiration the offer would be "revoked."  But he did reject it.  It was his rejection, not any expiration or revocation, which caused the offer to cease to exist.

17

Finally, this Court is bound by the determination of this state contract law issue by the Arizona Court of Appeals (through its adoption of the PCR court's decision), rather than the determination of the trial court.

Because, as found by the state court, there was no revocation (rather, a rejection), Petitioner remained bound by his waiver of his right to a preliminary hearing, and there was no breach of the agreement.

## 8. Summary

Petitioner fails to show that any denial of a state right to a preliminary hearing or other probable cause determination would justify federal habeas relief, that he had a federal right to a probable cause determination that would justify relief, or that the state court's findings that the agreement for a waiver was not rendered inoperative was an unreasonable determination of the facts. Accordingly, Ground Three is without merit and should be denied.

## C.  GROUND 1: TRIAL COUNSEL INEFFECTIVE
## 1.  Parties Arguments

In Ground 1, Petitioner argues that trial counsel was ineffective for failing to demand a preliminary hearing. (Petition, Doc. 1 at 6.)

Respondents argue that the state court's rejection of this claim in Petitioner's second PCR proceeding was not contrary to nor an unreasonable application of Supreme Court law, and did not rest on an unreasonable factual determination. In particular, Respondents point to the determination that the waiver remained intact because the plea offer was rejected, not revoked, and thus the futility of a request. In addition, Respondents point to the state court's finding of a lack of prejudice, as demonstrated by Petitioner's conviction. (Answer, Doc. 16 at 16-17.)

Petitioner replies that counsel was deficient in failing to assert the revocation of the waiver of a preliminary hearing, and that had he done so "the charges against the defendant would have been dismissed." (Reply, Doc. 28 at 18.)

## 2. State Court Decision

The state court rejected this claim by finding that the waiver remained effective.[1] (Exhibit II, Order 10/14/14 at 3.)

## 3. Applicable Standard on Ineffective Assistance

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance and that, under the circumstances, the challenged action might be considered sound trial strategy. *U.S. v. Quinterro-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996); *U.S. v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991). The court should "presume that the attorneys made reasonable judgments and decline to second guess strategic choices." *U.S. v. Pregler*, 233 F.3d 1005, 1009 (7th Cir. 2000).

An objective standard applies to proving such deficient performance, and requires a petitioner to demonstrate that counsel's actions were "outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense." *United States v. Houtcens*, 926 F.2d 824, 828 (9th Cir. 1991) (quoting *Strickland*, 466 U.S. at 687-90). The reasonableness of counsel's actions is judged from counsel's perspective at the time of the alleged error in light of all the

---

[1] With regard to appellate and post-conviction counsel, the PCR court also relied on the conviction as mooting the claim. (Exhibit II, Order 10/14/14 at 3.)

19

circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Strickland*, 466 U.S. at 689.

"The law does not require counsel to raise every available nonfrivolous defense. Counsel also is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted).

Moreover, it is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996); *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

### 4. Application of Law

As discussed hereinabove in Section III(B)(6), with regard to Ground 3, Petitioner's underlying assertion that the plea offer was revoked, and thus the waiver of preliminary hearing was waived, must be rejected. On that basis, any effort by trial counsel to demand a preliminary hearing would have been futile, and thus cannot form the basis of a claim of ineffective assistance. *Rupe*, 93 F.3d at 1445.

Accordingly, Ground 1 is without merit and must be denied.

### D. GROUND 2: APPELLATE COUNSEL INEFFECTIVE
### 1. Parties Arguments

In Ground 2, Petitioner argues that appellate counsel was ineffective for failing to raise a claim based on the failure to provide a preliminary hearing. (Petition, Doc. 1 at 7.)

Respondents argue that the waiver remained effective, and that any lack of a preliminary hearing was mooted by Petitioner's conviction. (Answer, Doc. 16 at 17-18.)

Petitioner replies that the matter was not moot, because in opposing Petitioner's

Petition for Special Action, the prosecution argued the issue could be raised on appeal. (Reply, Doc. 28 at 19.)

## 2.  State Court Decision

In addition to the conclusion that the waiver of preliminary hearing was not validly revoked, and thus counsel was not ineffective in failing to raise the argument, the PCR court concluded that appellate counsel could not assert the claim because it was rendered moot by Petitioner's conviction.  (Exhibit II, Order 10/14/14 at 3 (citing *Neese v. Duran*, 126 Ariz. 499, 503, 616 P.2d 959, 963 (App. 1980) and *State v. Canaday*, 117 Ariz. 572, 576, 574 P.2d 60, 64 (App. 1977)).

## 3.  Application of Law

As discussed hereinabove in Section III(B)(6), with regard to Ground 3, Petitioner's underlying assertion that the plea offer was revoked, and thus the waiver of preliminary hearing was revoked, must be rejected.  On that basis, any effort by appellate counsel to rely on the lack of a preliminary hearing would have been futile, and thus cannot form the basis of a claim of ineffective assistance.  *Rupe*, 93 F.3d at 1445.

On this basis, the undersigned concludes that Ground 2 must be denied.

## 4.  Prejudice and Breach of Contract not Reached

The undersigned declines to also rely upon the state court's reliance on the effect of the conviction at trial as rendering the claim moot.  It is true that Arizona holds that "[p]rior to trial the question of whether probable cause exists is an open one, however, after a full scale trial in which a jury determines guilt beyond a reasonable doubt the question is closed."  *State v. Neese*, 126 Ariz. 499, 502–03, 616 P.2d 959, 962–63 (App. 1980).

However, the cited cases dealt with defects in the probable cause proceeding.  *See Neese, supra* (loss of grand jury transcript did not justify relief from conviction); *Canady*, 117 Ariz. at 574, 574 P.3d 62 (denial of counsel at preliminary hearing).  Here,

21

the parties had entered into a stipulation that (in the event of a revocation) if a timely preliminary hearing was not held, the case would be dismissed without prejudice.

Moreover, while the state courts' holding in this case might be deemed a determination of state law binding on this court, state law was not the only authority available to appellate counsel.  And, the federal cases found similarly do not address a stipulation to dismiss if no preliminary hearing were held.  *See e.g. Gerstein v. Pugh*, 420 U.S. 103, 105 (1975) (state rule denying preliminary hearing when information filed by prosecution); *Coleman v. Alabama*, 399 U.S. 1, 11 (1970) (denial of counsel at preliminary hearing, remanding for prejudice determination); *Adams v. Illinois*, 405 U.S. 278, 284 (1972) (declining to make right to counsel at probable cause hearings retroactive because of burden of need for case-by-case harmless error analysis).

Finally, it is at least arguable the state court did not reach the contract based analysis raised by Petitioner, and thus the limitations under 28 U.S.C. § 2254(d) for application of Supreme Court law might not apply.

Thus, if a contrary result were reached with regard to the revocation of the plea and waiver, this Court could be required to resolve whether the stipulation to dismiss were required to be enforced as a matter of due process.

## E.  SUMMARY

Based on the foregoing, the undersigned concludes that each of Petitioner's grounds for relief are without merit, and must be denied.  Accordingly, the Petition should be denied.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a

22

proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on the merits. Under the reasoning set forth herein, jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed October 12, 2017 (Doc. 1) be **DENIED**.

23

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: April 17, 2018

17-3773r RR 18 04 11 on HC.docx

James F. Metcalf
United States Magistrate Judge

24